**POLAND SPRING CORPORATION, Plaintiff**

v.

**LOCAL 1445, UNITED FOOD AND COMMERCIAL WORKERS UNION, AFL–CIO, Defendant**

**No. 01–180–P–H.**

United States District Court, D. Maine.

Jan. 3, 2002.

———

Philip J. Moss, Esq., Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, Amy W. Walker, Esq., Richard R. Boisseau, Esq., Kilpatrick Stockton LLP, Atlanta, GA, for Plaintiffs.

Harold L. Lichten, Esq., Pyle, Rome, Lichten & Ehrenberg, PC, Boston, MA, for Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

HORNBY, Chief Judge.

This case involves the enforceability of an arbitrator's award reinstating and ordering back pay for a terminated employee. Under governing First Circuit precedent, the award exceeded the arbitrator's authority. Accordingly, the defendant Union's motion for summary judgment enforcing the award is DENIED, and the plaintiff employer's motion for summary judgment vacating the award is GRANTED.

Under the collective bargaining agreement between Poland Spring Corporation and Local 1445, United Food & Commercial Workers Union, "[i]nsubordination" is explicitly made "just cause for discharge." Collective Bargaining Agreement ("CBA"), Art. 32. Unlike some other bases for discharge, there is no requirement of prior warning in cases of insubordination. CBA, Art. 32. Here, the arbitrator found explicitly that a terminated employee was guilty of insubordination. Award of Arbitrator ("Award") at 7–10. He proceeded to rule, however, that "the level of discipline" was a "remaining issue for discussion." Award at 10. He then stated that Article 32 created a "per se rule" of discharge "in clear, straight-forward cases of insubordination, without mitigating considerations." Award at 11.

However, the language of Article 32 does not state that even in the presence of mitigating circumstances, insubordination still will necessarily provide the Company with just cause for termination. On the contrary, where significant, mitigating considerations are present, the culpability of the employee may

be diminished, and summary termination may no longer be justified. This more complex fact situation must be considered under the general, just cause standard set forth in article 32, giving due weight to the fact that the parties have agreed that a pure case of insubordination, without mitigating considerations, would provide just cause to terminate.

Award at 11.

Nothing in the collective bargaining agreement supports the Arbitrator's reasoning. Article 32 states directly and concisely that "[t]he parties agree that just cause for discharge shall include ... [i]nsubordination." CBA, Art. 32. There is nothing about "clear, straight-forward" cases, "pure" cases, or "mitigating circumstances." *See* CBA, Art. 32. (In fact, the arbitrator considered and rejected the Union's proffered "affirmative defenses" to the charge of insubordination.) The collective bargaining agreement also provides that an "arbitrator shall have no power to alter or modify any of the terms of this Agreement or to impose on any party a limitation or obligation not explicitly provided for in this Agreement." CBA, Art. 33. Under the authority of *S.D. Warren Co. v. United Paperworkers' Int'l Union, Local 1069*, 845 F.2d 3, 7–8 (1st Cir.1988), and *Georgia–Pacific Corp. v. Local 27*, 864 F.2d 940, 944–45 (1st Cir.1988), I conclude that the arbitrator exceeded his powers in ordering the reinstatement of the insubordinate employee.

The defendant's motion for summary judgment is DENIED and the plaintiff's motion for summary judgment is GRANTED. Judgment shall be entered setting aside and vacating the arbitrator's award.

**SO ORDERED.**